May it please the court, my name is Marco Pignone III of Getzen and Schatz, and I represent the petitioner, Huixin Chen. I'd like to reserve three minutes for rebuttal. This case presents some broad issues regarding the admissibility of expert testimony in removal proceedings, which are immigration court proceedings, and perhaps more broadly in administrative hearings generally. Now Mr. Chen won and then the government came back how many months later to reopen? I actually don't remember the exact number of months later, Judge. I believe it was beyond the 90 day motion to reopen deadline. And the 90 days applies to them as well as it does the petitioners? As I understand the government's argument was that this was new evidence. The evidence from the forensics document laboratory, in other words the report from Ms. Wooten, was new evidence and therefore... Well it's always new evidence. I mean unless it couldn't have been obtained earlier, did you argue you didn't have an opportunity to contest the reopening did you? Well as I understood it there was no way for me to to argue that it was you know the case was reopened without my being given a chance to present any arguments. Right, it was reopened four days after the motion was filed. That's right and I did argue that before the judge at the first first hearing. When you say argued that, that is what? In other words I argued that they should not be the government should not be permitted to present evidence beyond the 90-day point. Now I know that's not brief but I do know that that is in the Now you're making a due process challenge here. That the fact that Ms. Wooten didn't have her notes and couldn't really go into a lot of detail presents a due process problem. That's correct. Isn't this really a, couldn't it be as well a substantial evidence problem that you couldn't shouldn't credit the opinion? Well that's right I mean my argument is that the testimony should not be Alternatively I argued that her testimony should not have been given so much credit and so there are cases where for example a hearsay testimony which is admissible in administrative hearings it has been stated I believe by this court that that the hearsay nature of it should mean that it should not be given as much weight although it is still admissible. I'm not sure actually that the government talks about the fact that the immigration judge just decided this from the lay person's perspective and when you look at the reasoning of the immigration judge I'm not so clear that she relied upon these expert opinions. She talks about the people in China and you know the likelihood that a stamp would be similar as nil in the court's opinion and document a China subject to fabrication and fraud and China has a large population the stamp would have been used numerous times I mean to me the IJ's reasoning doesn't really adopt either of the experts views does it? I think the well I mean this courts reviewing the BIA's decision because the BIA did give a complete decision but my problem with the judge's decision was that she didn't seem to understand the possibility that there was more than one stamp so so her entire decision to me just has no foundation I mean the entire argument is whether there could be more than one stamp. But this is one where you as you note the BIA decision goes into much greater detail than most of the BIA decisions I see. Yes. And it seems to say that look there's basically a contest of experts between Wooten and they don't have enough to say that there's clear error here. That's right but my argument is that there should be some kind of a bare minimum standard for the admission of expert testimony so we do know that more evidence is admissible in administrative hearings than would be admissible in a criminal or civil hearing. There's no doubt about that. However there must be some limit to what is acceptable and thus far at least in the removal context there's been no definitive minimum requirement set and so I believe that federal rule 705 should be should be found to be encompassed within the the concept of due process and fundamental fairness. At a bare minimum an expert should be required to testify as to the data or facts underlying his or her opinion. If essentially an expert can simply state a conclusion then they have made themselves immune from cross-examination and there is no way for a fact-finder to evaluate the opinion the ultimate conclusion that is reached by examining the evidence. The expert here was subject to cross-examination right? Wooten was. I cross-examined Ms. Wooten but I could not cross-examine her regarding the data and facts underlying her opinion. She could simply state her opinion and had no way of establishing how she reached that conclusion. Didn't she testify that she had it on a spectrum comparator and that she looked at it and there were certain marks that were the same on both stamps? Eight years apart. Eight years apart that couldn't have been made by stamps from a different each coming from a different manufacturer? She did testify as to that but the problem is that we don't know what marks she's talking about. We don't know whether she even is aware of which document she's testifying regarding because we can't establish based on her testimony what what stamp impressions she's looking at. Were the stamp impressions not presented at the hearing? In other words the actual stamps that she looked at were they there that day? If you examine the record the the report from the government's expert states that documents should be returned to her five days prior to the hearing. So that was not done. During during examination of the government's expert she seemed to suggest that that she couldn't always get the documents back because sometimes the aliens council didn't return the documents. Of course that wasn't the case. I had returned the documents to the office of the District Council so they could have provided the documents to her. So this entire problem could very easily have been avoided by the government. The government had no way of avoiding this evidentiary problem. So if the document was returned or if Ms. Wooten had done what my expert witness had done which was to produce large magnified images of the stamp and presented them to the court and kept them in a file so as to be capable of testifying as to how she reached her conclusion then there there would be no issue. If we were to rule in your favor then under the current circumstances a document examiner such as Ms. Wooten wouldn't be able to testify in any future proceeding because they don't make records contemporaneous with their examination so that they can maintain their accreditation with this superseding agency. Is that fair? Is that accurate? Well they should take notes so that they are able to explain how they reach their conclusions. So they certainly could maintain their accreditation. In fact they should not be accredited because they're not keeping notes in accordance with the requirements of their accreditation. But regardless they could simply follow the procedures that meet this accreditation requirement if they if they would like to continue to testify in court proceedings and be accredited. So I mean essentially the immigration cases are viewed as second-class cases. Administrative hearings aren't not important to this forensics document laboratory. They take detailed notes on criminal cases and they take none in administrative hearings nor do they even keep a copy of the document so they could discuss it at the hearing. And so I don't believe they should be allowed to testify to as to only their conclusion. You were able to explore that shortcoming, if it's called a shortcoming, you were able to explore that in great detail at the hearing and point it out to the the immigration judge weren't you? I was able to explain what the images produced by my expert showed but the as the government's expert had stated that there were other facts that were not displayed by the images that we had before the court there's no way for the the court to to analyze those statements and compare them to the the images that were presented to the court. But isn't part of the problem that Herbertson didn't rule out that the stamps featured on the within a short period of time rather than eight years apart? Well I don't think that's a problem. If it is impossible to determine whether the stamp impressions came from one or more stamping devices then the conclusion that the the the impressions were produced consecutively or within a small number of impressions is not a conclusion you can properly reach. You may be right. The problem that we have only as an appellate panel is that the IJ did make a decision, did choose between the two, did choose it was Wooten and therefore the the hill you have to climb on appeal is more significant than than it would be otherwise. The presumption she's allowed to do that because the presumption goes her way as long as it wasn't clear error. I mean that is the standard. I understand and and I believe that that's why I believe this the government's report should be struck from the record and that any expert witness whether it's for the government or the alien who certainly could not present an expert who doesn't state which facts the conclusion derives from the same standard should apply to both. Or perhaps in the middle remand for further evidence to come in because I mean how can we say that necessarily the the government report has Wooten's testimony has to be struck from the record. There's holes in it by virtue of the notes not there but you also were able to cross examiner on that and from the from what I can read you did a very good job. Well I was able to ask her how she reached that conclusion but without looking at the judge to determine. What actual data are you talking about? Notes aren't the data. Well notes aren't the data but essentially she's reaching her conclusion by looking at the stamp impression. It's a visual it's a visual examination and by looking at the you know by looking at where the ink is placed on this on the impression and where any extraneous marks are placed the. But she wasn't she is capable of being of testifying as an expert in this area is she not? As is Herbertson. Capable as long as she reveals the underlying facts and I believe that the actual marks that she is referring to which is how she drew her conclusion are underlying facts that must be revealed for her to give her conclusion. Where's the IJ's first or a second ruling? That should be right behind it. On 40. Okay thank you. I still have a problem with the reasoning of the IJ here and and the the BIA talks about the fact that the IJ determined that the entire claim lacked credibility and I think you point out that there's no real stepping back and saying okay given all this what do I? That's right as I understand it the BIA precedent of matter OD in which there was a a conclusion that a document was fabricated still the BIA looked at the entire record before making its credibility determination. So here we have a disputed I believe report that a document is fabricated and the judge despite that fact still did not look at the entire record. You could hardly say here that this IJ was prejudiced but the the judge did not understand that she should look at the entire record before making her adverse credibility determination and if you look at all. Actually she did not make an adverse credibility determination. I thought well technically she did not. Well the finding of the finding of fraud suggests that she found the claim no longer credible. So I mean I thought she was very careful now she did that in order not to make an adverse credibility determination. Well not based on the entire record but but the ultimate conclusion must consider the entire record not only this this one allegation of fraud in the government's report. My time. Is this the same judge who made the first decision? It is. Same administrator? Yes. Then how can you how can you logically conclude that she didn't consider the entire record she's now heard the matter? When she had the entire record. I mean she was she was present at the creation. She was but the decision refers only to the government's report that she believed this document was fake and then the IJ issues her decision denying the claim. So just by the clear words of the decision it does not appear that she considered the entire record and believe that all she had to consider was the expert report. Thank you. May it please the court I'm Paul Furiano for the respondent. Judge Ambrose you started off with you mentioned the substantial evidence standard of review. I think that's a good place for the court to start. Maybe if we could start only on on this one. If you oftentimes if you're a petitioner who is seeking asylum and you lose and you don't file within 90 days they just say too late that's it. Here you filed the petition to reopen or application to reopen five months afterwards so you were 60 days late and it would seem that if there was a concern about the forensic validity of these two documents why could this not have been discovered at the time of the hearing in 2004? Well you'll notice your honor that the immigration judge refers to the 2004 State Department country report and that did not exist at the time of the first hearing. That's part of the new evidence that prompted I believe prompted DHS to reopen. Was there any suspicion that these two documents eight years apart were fabricated prior to the hearing? I don't know from the record but once the State Department report came out. Is the State Department report what spawned the request? It would appear to be yes your honor. I personally wasn't involved in the case unlike my co-counsel I wasn't involved in the case before so I don't know the exact sequence of what happened but I can tell you that it looks a lot like it was a State Department report not available at the first hearing which is what prompted DHS to move to reopen. The BIA says that the IJ credited Dr. Wooten's opinion. Where in the IJ's reasoning does she say that she adopts Wooten and why? I don't think that the IJ specifically say I'm going with Wooten. What does the IJ say? What is her reasoning? She said she gives five reasons and it's on page 43 to 44 of the record. She says from a layman's perspective the stamps were so similar that one could conclude that they were made with the same stamp. Is that what an IJ should do when presented with expert reports say from a layman's perspective? No that was just that was just one of one of the bases. Okay what are the other bases? She said that it's she she decided it was highly unlikely that a stamp would remain so similar after eight years and when she says that yes she is tracking what Ms. Wooten says. She said it's unlikely that two separate agencies would use similar stamps eight years apart. But doesn't she need to base her decision on if she's going to choose Wooten over Herbertson base her decision on specific items testified to by Wooten rather than glean from that what her her quote layman's perspective might be? Well again Your Honor the layman's perspective isn't the entirety of her conclusion. That was one of the five reasons that she gave. The second two that I just mentioned the unlikeliness that the stamp would remain the same after eight years is based on Wooten's testimony because what Wooten testified to is we have these two stamps that were allegedly made eight years apart. I've looked at them and they look so close to me that I'm sure that they were made consecutively or within a few stamps of each other. Well but that's why you have an expert and then she says given the fact that China has a large population and like this would have been used numerous times over eight years well you know who knows? Well the judge is the fact finder and the judge the judge takes Wooten's testimony as one of the facts that she considered in determining that these that these two stamps are not what they seem to be. I mean Daubert is based upon the fact based upon the premise that there's methodology here. But Daubert doesn't apply in immigration cases. Well it may not apply but it sets a level of fairness that you need reliable expert testimony and if that's not fairness I don't know what is. Well I think that the standard of review looking for clear error and that's also encapsulated in this court's review which is substantial evidence. I mean the Seventh Circuit has essentially said that technically doesn't apply but in reality as a practical matter it does apply. Well I would I would say that I would disagree first of all but to the extent that it would apply it would go to the weight given and not necessarily to the admissibility of this testimony. Daubert is what you put in to allow someone to testify. They have to be an expert, they have to base it on scientific methods, and it has to fit what they're attempting to testify about. So why wouldn't that make sense here? Because this Congress hasn't made that Congress hasn't applied the federal rules and Dalbert to immigration cases. It gives the IJs a chance to find those facts but it doesn't require them to follow the strict guidelines of the federal rules. But we could we could adopt that could we not similar to what the Seventh Circuit did Judge Posner? I believe if the court if the court wanted to wanted to make that put that an opinion that the court probably could but getting back to the standard of review what does a petitioner have to show at this junction before this court to reverse the finding of the board? But Judge Mendel's point is is very basic. If you've got these persons in front of you and we're not quite sure that the IJ has really looked at the testimony of the person on whom you think she's relying, should we not remand at the very least? No, because you don't have any evidence in this record to compel the conclusion that those two stamps are authentic and that those two documents were authentic. That's the petitioner's burden at this juncture to show that error and he hasn't showed that. The petitioner had every chance, as Judge McCarry points out, every chance to present their experts. Actually it's your burden on the petition to reopen. I would have thought so. Well the petition to reopen was granted by the board. You're trying to overturn a decision so therefore it's your burden to show that in fact there were forged documents. That has to be your burden. It can't be a burden on them to show that they're not. Yes, but I'm talking about the decision of the board that's before the court now. The board concluded that the immigration judge did not make clear error. Well the board basically took an appeal or I guess it dismissed the appeal in the end, but what it's looking at is what the IJ did, correct? I mean if you look at the board decision, well I guess that the judge is not clearly error in finding that the entire asylum claim lacked credibility and the immigration judge's fact-finding including crediting the DHS's expert opinion is not clearly erroneous and I think Judge Rendell's point is where in the IJ's opinion did the IJ credit as DHS's expert opinion. She says I'm reading here first the court will note these two documents had stamps which were so similar that one could conclude they were made by the same stamp. That's exactly what Miss Wooten said. She said I'm a hundred percent sure that these two stamps were made. She said I'm a hundred percent sure, but she didn't buy into that. She's saying that she one could conclude. She doesn't say I credit Wooten and therefore these were made. Second, given the fact China has a very large population, a stamp like this would have been used numerous times over eight years and would have to show wear and tear. Well I don't think there was any expert testimony that couldn't have been put in the drawer. Third, the documents would have been stamped by two separate agencies. Fourth, China is subject to widespread fabrication and fraud. I mean to my mind she's she's coming up with her own common-sense layman reasons why, you know, I think she's throwing the experts out the window. She doesn't cite any of their opinions as being really probative of fraud or not. Well I understand your point, Your Honor. I respectfully disagree. I think that when you look at the five reasons she gave, it is quite obvious. I mean the court can have no other possible conclusion but that she documents are not what they appear to be. Only by reaching that conclusion could the IJ have possibly decided to deny asylum. And given all of these facts, especially with the State Department report, which appears to have under underpinning the entire government's case below, the petitioner hasn't met his burden at this juncture to show that the evidence of record compels a conclusion. But what we're talking about is the process. I mean it's not it's not that you lose. You may still ultimately prevail but based on what we have here, I mean it looks like there were holes in terms of what the IJ dealt with at this hearing and that's one reason why the BIA did a more comprehensive job than it normally does. But what would be the harm if we were to remand and say you've got to base your decision on what the experts testify to rather than making some of your observations as a layperson? I would say the harm would be is that the court wouldn't have any basis. Again, the standard of review, the facts have to be compelling that the evidence of record supports the conclusion these documents were authentic. That's what you need to reverse. This is a factual case. Without that, our position is that the court can't remand. The other thing is that the IJ said kind of cryptically, you know, she can't remember what she did. She doesn't have her notes. We can't hold that against her. Well, but in evaluating her opinion, you can indeed say her opinion is worthless because she can't remember and doesn't know the specifics. Certainly. You could also come to a different conclusion. You could look at her testimony and how sure she was when she testified that these were two separate documents. But the IJ didn't do any of that. The IJ didn't say, you know, she said 100% and she said it convincingly and although she doesn't have her notes, I believe that the methodology she applied, you know, but we don't have that. We have this, you know, one could conclude and they had to be used more than once, you know, eight years apart. They'd have to show wear and tear. You know, this sounds like a kind of my looking at something and saying, well, you know, it just doesn't sound like it's based on an expert. That's what judges do. They weigh evidence and she cited the IJ, both testimonies, she decided to credit one of the other. I mean, it's very difficult at this juncture for any court, any reviewing panel, such as yourself, to conclude that the evidence would compel the conclusion that the IJ was wrong. What is your response to your opposing counsel's argument that there is a due process problem here because the notes were not before, he was not a, there were no notes for him to even cross-examine. I don't see that as a due process problem. I think it would go again to the weight of, that he was certainly able to ask Ms. Wooten, you don't have your notes in front of you, point that out to the judge, argue that to the judge. He was also able, as he did, to bring in his own witness who had notes, presumably, and who was able to do every type of examination that Ms. Wooten didn't do, put on his case. The fact that he didn't win, the fact that he didn't prevail before the IJ, and the fact that he couldn't convince the IJ, that's not a failure of due process. That's a failure of fact-finding. That's a failure to meet one's burden. So we would take issue with the fact that it's a due process problem. It's simply he didn't meet his burden. Remember, it's not his burden, right? Well, once you have our expert coming in saying that these documents are not true, I would say the burden would shift to him to prove that they are. Subject to your questions. No further questions. Thank you. Rebuttal. I think the problem with just remanding the case and saying that the the judge has to actually consider the the opinions of the experts is that if if the expert is allowed to simply state a conclusion, then we could end up with result that both parties could simply present an expert who would simply state where he or she got his degree from and his conclusion. And then... Or they could get another expert. Well, that's true. They could. But just what it appears is that you have an expert who works for the Department of Homeland Security who was trying to deport an alien applying for asylum, and that expert simply states his facts, and the judge accepts that conclusion over the conclusion of an expert who disagrees and has stated those the facts on which that conclusion is based. And so I just think it seems an unfair result if the government can simply say its conclusion and and simply win the case. Thank you. Thank you,